Filed 11/18/21  AWH Burbank Hotel v. Hollywood Way SHG CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| AWH BURBANK HOTEL, LLC, | B308035, B312902 |
| Plaintiff, Cross-defendant, and Respondent, | (Los Angeles County Super. Ct. No. EC065699) |
| v. | |
| HOLLYWOOD WAY SHG, LLC, | |
| Defendant, Cross-complainant, and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Curtis A. Kin, Judge.  Affirmed.

Law Offices of Robert H. Bisno, Robert H. Bisno; Benedon & Serlin, Judith E. Posner and Kian Tamaddoni for Defendant, Cross-complainant, and Appellant.

Allen Matkins Leck Gamble Mallory & Natsis, Charles D. Jarrell and Melissa K. Zonne for Plaintiff, Cross-defendant, and Respondent.

_____

Appellant Hollywood Way SHG, LLC (Hollywood Way) appeals from a judgment in favor of respondent AWH Burbank Hotel, LLC (Burbank Hotel). The parties are the owners of adjoining commercial properties. At issue in this appeal is the trial court's denial of Hollywood Way's request for a declaratory judgment establishing that any further development of Burbank Hotel's property must comply with the terms of the parties' reciprocal parking and maintenance agreement (REA).

Declaratory judgments are appropriate "in cases of actual controversy relating to the legal rights and duties of the respective parties" to a contract. (Code Civ. Proc.,[1] § 1060.) Here, there is no "actual controversy" underlying Hollywood Way's request for a declaratory judgment. As Hollywood Way represents repeatedly in its appellate briefing, Burbank Hotel has consistently *agreed* the REA governs the terms of any future development. Hollywood Way identifies nothing in the record suggesting Burbank Hotel intends to take action inconsistent with the REA.

Accordingly, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

### 1. The REA

Hollywood Way and Burbank Hotel own adjacent properties across the street from the Burbank Airport.

---

[1] Further unspecified statutory citations are to the Code of Civil Procedure.

[2] Hollywood Way does not contest on appeal the trial court's findings of fact. Accordingly, we rely in part on the trial

Hollywood Way's property contains an office building, and Burbank Hotel's property contains a hotel, convention center, and large parking area. Burbank Hotel acquired its property in 2014, and Hollywood Way acquired its property in 2015.

The two properties are subject to the REA, executed in 1997 when the properties were subdivided from a single parcel. The intent of the REA was "to establish certain reciprocal agreements, easements, covenants, and conditions with respect to both the Office Parcel and the Hotel Parcel," "binding upon . . . all successor owners of any interest in either Parcel."

The following provisions of the REA are relevant to this appeal. Sections 2.1 and 2.2 grant each property a nonexclusive easement for driveway and parking access on the other property, subject to restrictions not at issue here. Section 3.1 provides that neither property owner "may change the location or configuration of any Driveway within its Parcel without the prior written consent of" both the City of Burbank and the owner of the other property. The other owner's consent "shall not be unreasonably withheld or delayed," and failure to respond to a request for consent within 10 days shall be deemed as consent. Section 3.2. prohibits any obstructions on the properties "that would prevent or impede vehicle or pedestrian access from one Parcel to the other."

Section 3.3 provides that, "Subject to Section 6.21, each Owner may change at any time and from time to time the buildings and parking configurations on its Parcel subject to the restrictions and limitations set forth in this Agreement provided

court's statement of decision when summarizing the relevant facts.

3

that the size, number, location, and uses of such replacement buildings (including the orientation of entrances thereto) are such that each Parcel will generally support its own parking needs in accordance with all legal requirements."

Section 6.21 provides, "The parties may not permanently change or agree to change permanently parking, access, building locations, or driveways in violation of applicable laws and codes, including, without limitation, the provisions of Planned Development 89-1. To assure compliance with this Section 6.21, all such changes shall be approved by the Community Development Director of the City of Burbank." "Planned Development 89-1" refers to the City of Burbank's zoning of the two properties.

The REA grants reasonable attorney fees to the prevailing party in any action for breach of the agreement.

## 2.    The Dispute

On June 3, 2016, pursuant to section 3.1 of the REA, Burbank Hotel requested Hollywood Way's consent to relocate and reconfigure some of the hotel property's driveways. Counsel for Hollywood Way responded in an e-mail on June 8, 2016, that Hollywood Way was "studying" the proposed changes to the driveways "and will respond promptly."

In the same e-mail, counsel relayed Hollywood Way's position on any plans Burbank Hotel had to develop the hotel property. Counsel stated that Hollywood Way "does not agree to, and fully opposes," any plans "to further develop the Parking Lot with additional buildings." The e-mail further stated that "[Hollywood Way's] consent is required for additional buildings to be placed on the [hotel] Property," and Hollywood Way "will oppose, by all legal means, any and all entitlement efforts to the

4

extent the efforts seek[ ] to entitle additional buildings on [the] property, which is subject to the REA."

The June 8, 2016, e-mail was the only response Burbank Hotel received from Hollywood Way regarding the proposed driveway reconfiguration—that is, Hollywood Way never gave a final answer as to whether it would consent to the proposed driveway reconfiguration.

On August 24, 2016, Burbank Hotel filed a declaratory relief action challenging Hollywood Way's withholding of consent. Hollywood Way filed a cross-complaint on September 19, 2016. We summarize the operative pleadings in part 3, *post*.

On October 20, 2017, while the litigation was pending, Burbank Hotel e-mailed Hollywood Way a second request for consent to reconfigure the driveways, and attached two proposed reconfiguration plans. A principal of Hollywood Way responded 24 minutes later, denying consent and objecting to "any structures that impede[ ] right of way."

Burbank Hotel e-mailed Hollywood Way's principal a few weeks later explaining that Burbank Hotel was not requesting Hollywood Way's approval of development of the hotel property, but only consent to either of the two proposed driveway relocation plans. The e-mail stated, "It goes without saying, although we fully acknowledge here, that any further building or development shown on the site plans, or otherwise, requires City approval and compliance with the terms of the REA. Accordingly, your consent, if given, will be directed only to the proposed relocation of driveways (on whichever plan you choose), and not a consent to further building or development, for which any and all of Hollywood Way's rights will be reserved."

After an exchange of further correspondence with Hollywood Way's counsel, in which Burbank Hotel reiterated that consent to driveway relocation would not constitute consent to any other further building or development, Hollywood Way continued to deny consent. Hollywood Way also asked for an explanation as to how Burbank Hotel intended to satisfy section 6.21 of the REA, concerning zoning requirements and city approvals.

On May 18, 2018, Burbank Hotel sent Hollywood Way a third request for consent to driveway relocation, and enclosed a site plan. The request emphasized that Burbank Hotel was seeking consent solely for driveway relocation, and not to any other items depicted on the site plan or otherwise. The request further stated that Burbank Hotel "acknowledges and agrees that certain contemplated changes to the site must be approved by the City of Burbank, and thus the giving of any consent by [Hollywood Way] in response to this request for consent shall not amount to any agreement to any change in violation of section 6.21 of the REA."

Hollywood Way's counsel responded that consent was not given, stating, inter alia, that under section 6.21 of the REA, Hollywood Way did not have the "legal ability" to consent to any plans to change the driveways unless the City of Burbank had first given its approval.

### 3. The Trial

At the time of trial, Burbank Hotel's second amended complaint asserted a single cause of action for declaratory relief. It sought a declaration that, apart from driveway relocation, the REA did not require Burbank Hotel to obtain Hollywood Way's consent for additional development of the hotel property.

6

Burbank Hotel further sought a declaration that its request for consent to the driveway relocation was deemed approved under the REA because Hollywood Way did not respond to the request within 10 days, and Hollywood Way's refusal to give consent was unreasonable.

Hollywood Way's fifth amended and supplemental cross-complaint asserted causes of action for breach of contract, declaratory relief, breach of fiduciary duty, accounting, unjust enrichment/restitution, public nuisance, and private nuisance. Only Hollywood Way's cause of action for declaratory relief is at issue in this appeal. As to that cause of action, the complaint requested that the trial court "declare the rights of the parties under the REA and issue an injunction against [Burbank Hotel] further violating and failing to perform the REA, as [Burbank Hotel] has done and continue[s to] do . . . ."

The cross-complaint's prayer listed a number of issues on which Hollywood Way sought a declaration. In this appeal, Hollywood Way focuses solely on one issue, its request for a declaration "that no further buildings may be built, constructed or placed on the Hotel Parcel unless and until [Burbank Hotel] satisfies the REA, including but not limited to satisfying Section 3.3 . . . ."[3]

The action proceeded to a bench trial on Burbank Hotel's cause of action for declaratory relief, and Hollywood Way's causes

---

[3] This quotation is the only language from the prayer cited by Hollywood Way on appeal. The prayer also sought, inter alia, declarations concerning Burbank Hotel's obligations as to parking gates, signage, and maintenance of the properties, and a declaration that a building constructed on the hotel property failed to support its own parking needs as required by the REA.

7

of action for declaratory relief and public and private nuisance.[4] As relevant to this appeal, Burbank Hotel's managing partner testified on cross-examination that under section 6.21 of the REA, Burbank Hotel could not "do anything in violation of law, including [Planned Development 89-1 and] . . . city codes and provisions." Burbank Hotel's counsel similarly acknowledged that any development would have to go through "the zoning process" and the REA would require Burbank Hotel to comply with whatever zoning restrictions were in effect, whether Planned Development 89-1 or some future modification of those requirements.

Following trial, Hollywood Way requested a statement of decision, and listed 65 issues it wished addressed. The trial court then issued a statement of decision ruling in favor of Burbank Hotel on its complaint and against Hollywood Way on its cross-complaint.

As to Burbank Hotel's request for declaratory relief, the court found that the REA "only requires a parcel owner to obtain the consent of the other parcel owner with respect to making changes to a driveway," not with respect to any other "changes, alterations, or development of the Hotel Parcel." The court further found that Hollywood Way had unreasonably withheld its consent in violation of the REA and "operated in bad faith throughout." Based on evidence at trial, the court concluded that

---

[4] The trial court granted summary adjudication against Hollywood Way on its causes of action for breach of fiduciary duty, accounting, and unjust enrichment/restitution. The court bifurcated for trial Hollywood Way's breach of contract claim, which was the sole claim for damages as opposed to equitable relief. The parties later stipulated to enter judgment in favor of Burbank Hotel on the breach of contract claim.

Hollywood Way had withheld consent in order to interfere with Burbank Hotel's broader development plans. The court characterized this as a "shakedown" intended to obtain millions of dollars in exchange for Hollywood Way dropping its objections to the development. Accordingly, the court ruled that Hollywood Way, by unreasonably withholding consent in violation of the REA, effectively granted consent.

The trial court found that "[Hollywood Way's] cross-claim for declaratory relief is not altogether clear," but "[i]nsofar as [Hollywood Way's] cross-claim for declaratory relief seeks the Court's declaration regarding the rights of the parties under the REA concerning development of their respective parcels, the Court has done so with respect to [Burbank Hotel's] request for declaratory relief. Insofar as [Hollywood Way] seeks a declaration concerning other actions by [Burbank Hotel] purportedly in violation of the REA, the Court declines to do so. The Court does not find that [Hollywood Way] met its burden to prove [Burbank Hotel] violated any provisions of the REA." The court further found that Hollywood Way had failed to prove that any acts by Burbank Hotel constituted a public or private nuisance.

The trial court entered judgment in favor of Burbank Hotel on its cause of action for declaratory relief and against Hollywood Way on all causes of action in its cross-complaint. It determined that Burbank Hotel was the prevailing party and awarded attorney fees of $1,413,369 and costs of $12,904.30.

Hollywood Way timely appealed.

9

## DISCUSSION

The sole question in this appeal is whether the trial court erred in denying Hollywood Way's request for declaratory relief. Hollywood Way does not otherwise challenge the judgment, including the trial court's granting of Burbank Hotel's request for declaratory relief.

A person may bring an action for declaratory relief to resolve an "actual controversy relating to the legal rights and duties of the respective parties." (§ 1060.) The "actual controversy" requirement " ' "encompasses a *probable* future controversy," ' " not one that is " ' "conjectural, anticipated to occur in the future, or an attempt to obtain an advisory opinion from the court. " ' " (*Artus v. Gramercy Towers Condominium Assn.* (2018) 19 Cal.App.5th 923, 934 (*Artus*).) We review de novo whether a claim presents an "actual controversy."[5] (*Redondo Beach Waterfront, LLC v. City of Redondo Beach* (2020) 51 Cal.App.5th 982, 1000.)

As an initial matter, on appeal Hollywood Way greatly narrows the scope of its request for declaratory relief. The prayer of its cross-complaint listed many issues for which it sought judicial declarations, as did its request for a statement of decision. On appeal, in contrast, it asserts only one issue in the prayer on which it contends the trial court erred, namely "that no further buildings may be built, constructed or placed on the Hotel Parcel unless and until [Burbank Hotel] satisfies the REA, including but not limited to satisfying Section 3.3 . . . ." Again,

---

[5] The parties dispute what standard of review applies assuming the threshold requirement of an actual controversy is met. We need not reach that question to resolve this appeal.

10

section 3.3 permits the property owners to "change . . . buildings and parking configurations" subject to section 6.21 and "the restrictions and limitations set forth" in the REA.  Section 6.21 in turn prohibits any changes to the property "in violation of applicable laws and codes" including Planned Development 89-1, and requires city approval for such changes.

Similarly, of the 65 questions presented in its request for a statement of decision, on appeal Hollywood Way identifies only three questions purportedly pertinent to the single issue identified in the prayer:[6]  (1) "Are [Burbank Hotel's] rights to develop on the Hotel Parcel, pursuant to the REA section 6.21, limited to what is permitted to be developed under Planned Development 89-1 . . . ?"; (2) "Must any development of a building by [Burbank Hotel] satisfy the City of Burbank Zoning Regulations, to satisfy REA section 6.21?"; and (3)  "Has [Burbank Hotel] demonstrated, by a preponderance of the evidence, that any development of new building(s) it seeks to develop on the Hotel Parcel will not substantially interfere with [Hollywood Way's] easements over the Driveways and Parking Areas of the Hotel Parcel?"

_____

[6] Hollywood Way's request for a statement of decision had separate sections for questions pertinent to the declaratory relief sought by Burbank Hotel and questions pertinent to the declaratory relief sought by Hollywood Way.  The three questions identified in this appeal were in fact in the section of questions pertinent to Burbank Hotel's claim, not Hollywood Way's claim.  Thus, we question Hollywood Way's contention on appeal that these questions were intended "[t]o support [Hollywood Way's] prayer for relief."  We nonetheless accept for purposes of argument that the three questions were intended to support Hollywood Way's own prayer for relief.

11

Apart from the above-quoted language, Hollywood Way does not identify on appeal any other portion of the prayer or the request for a statement of decision on which it contends the trial court ruled erroneously or failed to rule. Any such contention therefore is forfeited, and we limit our analysis to the language quoted by Hollywood Way in its appellate briefing. (See *Osornio v. Weingarten* (2004) 124 Cal.App.4th 304, 316, fn. 7 [contention raised below but not advanced on appeal waived].)

Turning to the arguments on appeal, Hollywood Way contends the trial court failed to address adequately its request for declaratory relief and accompanying questions in the request for a statement of decision. Hollywood Way focuses on the sentence in the statement of decision stating, "Insofar as [Hollywood Way's] cross-claim for declaratory relief seeks the Court's declaration regarding the rights of the parties under the REA concerning development of their respective parcels, the Court has done so with respect to [Burbank Hotel's] request for declaratory relief." Hollywood Way contends this was error, because resolution of Burbank Hotel's declaratory relief request did not in fact address Hollywood Way's request.

Hollywood Way characterizes Burbank Hotel's request as limited to the consent issue, that is, on what issues the REA required the consent of the other property owner. Hollywood Way claims its request was broader, seeking a declaration as to "whether—independent from the consent issue—further development must adhere to the terms of the REA, including the zoning requirements of [Planned Development 89-1] and the parties' easement rights."

The flaw in Hollywood Way's argument is that there is no "actual controversy" on the issue on which it sought declaratory

12

relief.  Hollywood Way identifies no evidence suggesting that Burbank Hotel has taken the position that it may develop its property without complying with any aspect of the REA, or that it has taken any actions demonstrating an intent not to comply with the REA.  Nor does Hollywood Way identify any terms of the REA on which the parties disagree, apart from the issue of consent on which the trial court expressly ruled and which Hollywood Way does not contest on appeal.[7]

Indeed, the evidence shows Burbank Hotel repeatedly *confirming* that it must comply with the REA, and specifically with section 6.21's requirement that it seek city approval and comply with "applicable laws and codes, including, without limitation, the provisions of Planned Development 89-1." Burbank Hotel stated in correspondence to Hollywood Way that "any further building or development shown on the site plans, or otherwise, requires City approval and compliance with the terms of the REA," and, later, "that certain contemplated changes to the site must be approved by the City of Burbank."  At trial, Burbank Hotel's managing partner testified that Burbank Hotel could not "do anything in violation of law, including [Planned Development 89-1 and] . . . city codes and provisions," a position echoed by Burbank Hotel's counsel.

---

[7] Assuming arguendo the trial court did not rely on the absence of an actual controversy to deny Hollywood Way's request for a declaratory judgment, "we may affirm the trial court's ruling 'on any basis presented by the record whether or not relied upon by the trial court.' [Citation.]" (*McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 802.)  The parties, moreover, have briefed whether Hollywood Way's declaratory relief claim presents an actual controversy.

13

Hollywood Way in fact cites this evidence in its appellate briefing. In arguing that it was entitled to declaratory relief, Hollywood Way notes that "Burbank Hotel never disputed that the REA is valid and enforceable," and "expressly acknowledged the REA's limitations on further development." Citing the testimony and statements of the managing partner and counsel of Burbank Hotel summarized above, Hollywood Way contends "the parties agree that the [Planned Development 89-1] zone restricts the uses of the Property." "Nevertheless," argues Hollywood Way, "the statement of decision failed to address" Hollywood Way's claim for declaratory relief.

In making this argument and citing this evidence, Hollywood Way appears to contend that because Burbank Hotel did not dispute that the REA placed limitations on its ability to develop its property, there was no reason for the trial court not to grant declaratory relief so stating. Hollywood Way has it backwards—when an issue is undisputed, there is no "actual controversy" and therefore no basis for declaratory relief. Any declaration from the trial court would simply reiterate the terms of the REA, terms that are not in dispute.

Hollywood Way argues there is an actual controversy demonstrated by the parties' ongoing dispute since 2016 regarding development of the hotel property. We certainly agree the parties are in conflict—Burbank Hotel wishes to develop its property and Hollywood Way opposes that development. There is no indication, however, that the parties are in conflict over the specific issue underlying Hollywood Way's declaratory relief claim, namely whether Burbank Hotel's development plans must comply with the REA, including compliance with city laws and regulations and preservation of the parties' easement rights.

Hollywood Way notes its easement rights are protected solely by the REA, and not "by the City or its zoning regulations." Thus, Burbank Hotel's agreement to comply with Planned Development 89-1 and other applicable laws and regulations does not guarantee preservation of the easements.

Assuming arguendo Burbank Hotel's express reassurances of REA compliance do not encompass the easements, Hollywood Way nevertheless fails to show that there is any dispute regarding the REA's easement requirements. The fact that Burbank Hotel may not have affirmatively stated an intent to comply with the easement requirements, unlike its express statements that it would comply with zoning and other regulations, does not compel the conclusion that it therefore intends to *violate* the easement requirements. Hollywood Way identifies no evidence that Burbank Hotel disagrees with Hollywood Way regarding the easement requirements, or has taken action contrary to those requirements.

We note that Hollywood Way's request for a statement of decision asked, "Has [Burbank Hotel] demonstrated, by a preponderance of the evidence, that any development of new building(s) it seeks to develop on the Hotel Parcel will not substantially interfere with [Hollywood Way's] easements over the Driveways and Parking Areas of the Hotel Parcel?" It was not Burbank Hotel's burden as cross-defendant to prove this; rather, it was Hollywood Way's burden to prove Burbank Hotel's conduct justified the declaratory relief sought. (*Boosman v. United Bldg. Co.* (1952) 109 Cal.App.2d 486, 488 [plaintiff has burden to show the presence of an actual controversy and "that conditions existed which would justify the court in exercising its

15

discretionary powers to grant . . . declaratory relief"].)  On appeal, Hollywood Way identifies no evidence satisfying that burden.

Hollywood Way argues it may seek a declaratory judgment to avert future litigation, and need not wait for Burbank Hotel to breach the REA by moving forward with development.  We do not disagree with this, but Hollywood Way must nonetheless demonstrate " ' "a *probable* future controversy." ' "  (*Artus*, *supra*, 19 Cal.App.5th at p. 934.)  Again, Hollywood Way identifies no evidence Burbank Hotel intends to or is likely to take any action in violation of the REA.  To the extent Hollywood Way is trying to avert future violations of the REA, its declaratory relief claim is "pure speculation."  (*Ibid.* [plaintiff's suggestion that future homeowner's association elections could violate certain statutes was speculative, and thus "insufficient to support declaratory relief"].)

Hollywood Way contends Burbank Hotel's "continued resistance" to Hollywood Way's request for declaratory relief "alone establishes an actual controversy."  We decline to hold that merely opposing a declaratory relief action thereby creates a controversy entitling the plaintiff to declaratory relief.

16

## DISPOSITION

The judgment is affirmed.  Respondent is awarded its costs on appeal.

NOT TO BE PUBLISHED.


                                        BENDIX, Acting P. J.


We concur:



CHANEY, J.



CRANDALL, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.